**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
SOUTHERN DIVISION**

**REGINALD SMITH**                                                                          **PLAINTIFF**

**V.**                                                                  **CAUSE NO.:** 1:18-cv-11-HSO-JCG

**TEN D. ENTERPRISES, INC. d/b/a
MCDONALDS #1596 and JP HURST**                                              **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiff Reginald Smith (hereinafter "Plaintiff"), by counsel, and files this, his *Complaint* for damages against Defendants TEN D. ENTERPRISES, INC. d/b/a MCDONALDS #1596 and JP HURST (hereinafter "Defendant McDonalds," "Defendant Hurst," or collectively "Defendants") and for cause would show unto the Court the following:

**PARTIES**

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing at 127 Burgundy Drive, Lucedale, MS 39452.

2. Defendant McDonalds is a domestic corporation, qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, William Descher, at 6520 Sunplex Drive, Ocean Springs, MS 39564.

3. Defendant Hurst is an adult resident citizen of the State of Mississippi, and he may be served with process at 3227 Denny Avenue, Pascagoula, MS 39581. At all times relevant herein, Defendant Hurst was employed with McDonald's #1596.

**JURISDICTION and VENUE**

4. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all federal laws claims plead herein for which jurisdiction and venue are attached.

5. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

6. At all times material hereto, Defendant Hurst was an employee of the Defendant McDonalds #1596.

7. In September 2015, Plaintiff began his employment with Defendant McDonalds, as General Manager.

8. On May 11, 2017, Plaintiff was placed on an unpaid suspension, and on June 21st, 2017, he was demoted from the General Manager position to the position of Kitchen Manager.

9. Defendant Hurst claimed that Plaintiff's demotion was a result of "poor conditions within the store, failing an inspection, and failing to sign off on the food safety booklet."

10. Plaintiff was terminated from his employment with Defendants in October of 2017 as a result of the aforementioned.

11. Plaintiff believes he was terminated because he refused to sign off on a write-up prior to his May 11th suspension. Defendant Hurst instructed Plaintiff to just sign off on his write-up and not worry about reading the write-up regarding the conditions of the store, because he would just be demoted. Plaintiff refused to sign,

but requested a copy to have someone look over it because he did not agree with the terms of the write-up.

12. Defendant Hurst refused to provide a copy of the write-up to Plaintiff and became irate. Further, Hurst claimed that no other General Managers failed to sign off on the food safety booklet, but Plaintiff has proof displaying other white managers and General Managers who failed to sign the food safety booklet.

13. Plaintiff asserts that between the dates of February 1, 2017 through July 25, 2017, several *white* managers also had poor conditions within the store, failed inspections, and failed to sign off on the food safety booklet. None of those *white* managers were suspended or demoted.

14. Moreover, Plaintiff was replaced by an unqualified individual, lacking the credentials to be better qualified as the Plaintiff.

15. On August 10th, 2017, Plaintiff filed his initial charge of discrimination with the Equal Employment Opportunity Commission.

16. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because he engaged in the protected activity of voicing and filing a discrimination complaint with the Equal Employment Opportunity Commission. As a result of filing discrimination charges against Defendants, Plaintiff's employment was terminated.

## **ADMINISTRATIVE PROCEDURE**

17. On or about August 10th, 2017, Plaintiff filed charges of discrimination, satisfying the requirements of 42 U.S.C. Section 2000(e) with the EEOC in Jackson,

Mississippi. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

18. The EEOC conducted an investigation on both claims. On December 19, 2017, the EEOC issued a determination. According to the determination, "the EEOC is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

19. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisite to filing suit.

## <u>CAUSE OF ACTION</u>

### COUNT I
### RACE DISCRIMINATION

20. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

21. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile environment for Plaintiff because of his race in violation of Title VII of the Civil Rights Act of 1964.

22. The acts and violations of Defendants resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. Section 2000e-3.

23. As a direct and proximate result of Defendants unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

24. Defendants' discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

25. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II
## RETALIATORY DISCHARGE

26. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

27. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964. Defendants and agents and employees of Defendant McDonalds, retaliated against Plaintiff after he made reports of discrimination to the EEOC. Plaintiff was retaliated against by unjustly subjecting him to unjust scrutiny, exclusions, and termination.

28. Defendants have no legitimate reason for any such acts.

29. Defendants' actions demonstrate a direct and causal connection between Plaintiff invoking him constitutional rights and the resulting termination by his employer.

30. Such unlawful practices violate 42 U.S.C. Section 2000e-3.

## DAMAGES

31. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

32. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

33. Plaintiff requests that the Court issue the following relief:

   a. Enter declaratory relief declaring that Defendants have engaged in race discrimination and retaliation;

   b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of actions in an amount to be determined by a jury of his peers;

   c. Award Plaintiff attorney's fees, cost and expenses of litigation; and

   d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 5th day of January, 2018.

**REGINALD SMITH, Plaintiff**

**By:**  */s/ Carlos E. Moore_____*
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com